FILED
2020 Nov-25  PM 03:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ERIC L. KING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CV No.:**_____ |
| **v.** | ) | |
| | ) | |
| | ) | |
| **ADAMS COMMUNICATION &** | ) | |
| **ENGINEERING TECHNOLOGY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Eric L. King, and files this Complaint for discrimination based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), against Defendant Adams Communication & Engineering Technology, Inc. ("ACET"). As grounds for his Complaint, Plaintiff shows this Court the following:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e, *et seq.*

2. Plaintiff has fulfilled all conditions precedent to the brining of this action under Title VII and Section 1981. Plaintiff filed charges of discrimination

with the United States Equal Employment Opportunity Commission ("EEOC") on April 13, 2020. (EEOC Complaint attached as Exhibit 1). Plaintiff was issued a Notice of Right to Sue from the EEOC on September 8, 2020. (Notice of Right to Sue attached as Exhibit 2), and timely files this lawsuit within 90 days of receipt of said notice.

3. The Defendant is located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a forty-seven (47) year old African American male, who is a citizen of the United States and resident of the state of Alabama. At all times material to this lawsuit, Plaintiff was over the age of 19 years old, a resident of this judicial district, and employed by Defendant.

5. Defendant, ACET, is a foreign corporation incorporated in Delaware with its principal office in Maryland. Defendant regularly conducts business and employs workers within this judicial district and division. At all times material to this action, Defendant employed Plaintiff. Defendant is an entity subject to suit under Title VII and Section 1981. Upon information and belief, Defendant collectively employs 450 or more individuals.

## FACTS

6.   ACET is a foreign corporation doing business in Huntsville, Alabama.

7.   ACET provides products and solutions to the U.S. Department of Defense and other federal agencies.

8.   On or around October 12, 2017, plaintiff was hired by Defendant in the position of Tactical Operations Center on the Special Operations Command's Tactical Airborne Multi-Sensor Platform (STAMP) program and assigned to the Site 2 location.

9.   Plaintiff was one of only two African American employees assigned to Site 2.

10.  While stationed at Site 2 as a Flight Operations Manager/Tactical Operations Center Operator, plaintiff was routinely discriminated against on the basis of his race.

11.  Plaintiff was targeted, harassed, singled out, and treated differently because of his race.

12.  Plaintiff was routinely required to complete a variety of menial housekeeping tasks, such as repeatedly emptying the trash; however, other Caucasian employees were not required to do so.

3

13. Plaintiff was required to continue emptying the trash even after he had surgery that severely limited his lifting and bending capability.

14. Plaintiff complained of this unfair treatment.

15. Plaintiff asked his Manager/Site Lead Manager Carlos Hernandez for assistance with trash removal and other housekeeping tasks. Plaintiff requested that other employees be required to complete the tasks. Mr. Hernandez failed to address plaintiff's complaints.

16. Shortly thereafter, plaintiff received a negative performance review

17. Plaintiff responded to the performance review by noting that he is treated like a second-class citizen.

18. Plaintiff maintains that he received the negative performance review in retaliation for complaining that he was treated less favorably than Caucasian employees.

19. In or around August 2019, plaintiff was reassigned to STAMP Site 5.

20. Plaintiff was the only African American employee working in the position of Tactical Operations Center and assigned to the job tasks and duties at Site 5.

21. Mr. Shannon Kaupu was plaintiff's manager/site lead at Site 5.

22. Plaintiff continued to be targeted, singled out, and harassed on the basis of his race.

23. Plaintiff maintains that Mr. Kaupu targeted him and treated him unfavorably on the basis of his race.

24. Mr. Kaupu routinely berated and yelled at plaintiff in front of others.

25. Mr. Kaupu did not berate or yell at Caucasian employees.

26. On any occasion where plaintiff made a minor error, he was immediately criticized.

27. Caucasian employees were not criticized for minor errors.

28. Mr. Kaupu forced plaintiff to take out the office trash every day. Caucasian employees were not asked to perform such menial tasks.

29. During base-wide power outages, Mr. Kaupu would authorize Sean Nolan and Carlyle Vice to sleep at off base villas to stay cool.

30. Plaintiff was never authorized to sleep at the off-base villas.

31. Mr. Kaupu criticized plaintiff's work performance and treated him in a hostile manner.

32. On several occasions, Mr. Kaupu criticized plaintiff for following protocol regarding radio contact with aircrafts with late takeoffs. Caucasian employees were not subjected to the same criticism.

33. Mr. Kaupu routinely sent emails to plaintiff's personal email address during rest hours (i.e. after plaintiff had left work for the day).

5

34. Mr. Kaupu became upset when plaintiff did not respond to his emails until the start of plaintiff's next shift.

35. Plaintiff was advised by ACET human resource personnel that responding to emails after arriving to work is acceptable.

36. Mr. Kaupu continued to send plaintiff email during his crew rest as a manner of discriminating against plaintiff on the basis of his race.

37. In September 2019, a rental car was assigned to the Tactical Operations Center at Site 5.

38. Plaintiff shared the rental vehicle with Sean Nolan and Carlyle Vice.

39. On October 7, 2019, plaintiff received an email advising that the rental car needed to be handed over for service.

40. On October 8, 2019, plaintiff handed over the vehicle.

41. On October 11, 2019, Mr. Kaupu created a false Internal Review Report which resulted in plaintiff's suspension, loss of pay and other benefits.

42. On October 11, 2019, Mr. Kaupu suspended plaintiff for issues related to the rental car. The rental car had been turned in prior to the creation of the internal review report and plaintiff's suspension.

43. During the meeting with Mr. Kaupu, plaintiff was instructed to turn in his badge, gather his things, and return to barracks.

44. Plaintiff did not remove any classified documents from the work area.

45. Mr. Kaupu reported that plaintiff violated security protocol by taking classified paperwork.

46. Sean Nolan and Carlyle Vice were not the subject of internal review reports or suspended over the rental car.

47. No Caucasian employee was accused of removing classified paperwork.

48. Plaintiff was forced to return the U.S. and his assignment was terminated.

49. In December 2019, an incident report submitted by Mr. Kaupu related to a verbal counseling session in October 2019 was entered into the computer system.

50. This report was created after plaintiff's work assignment was terminated.

51. This report was entered into the system almost two months after the alleged occurrence.

52. Plaintiff learned of the existence of the December 2019 incident report from a prospective employer.

53. The incident report prevented plaintiff from resuming work with defendant or obtaining other employment.

54. Plaintiff asserts that the December 2019 incident report is yet another occasion where he was discriminated against on the basis of his race and retaliated against for opposing unlawful employment practices.

55. As a result of the Defendant's discriminatory actions, including but not limited to, the filing of an incident report and subsequent suspension, plaintiff's employment record was damaged, his governmental credentials were revoked, and his security clearance negatively impacted.

56. As a result of defendant's actions, plaintiff's work assignment was terminated, and he was unable to obtain other employment.

57. As pretext for defendant's termination of the work assignment, defendant told plaintiff that his work assignment was terminated due to poor performance and reckless behavior.

58. Defendant's true reason for terminating plaintiff's assignment was to discriminate against plaintiff on the basis of his race.

59. Defendant failed to provide plaintiff with work for which he was qualified to perform.

60. Plaintiff maintains that any allegation of "poor performance" on his part or the inability to provide plaintiff with work are pretextual.

61. During his employment with ACET, Plaintiff made complaints to human resource officer Leslie LeRoy that he was being subjected to unlawful discrimination on the basis of his race.

62. Since October 2019, defendant has continued to discriminate against plaintiff on the basis of his race and retaliate against him for opposing unlawful employment practices, by failing to provide plaintiff with work.

63. Since the termination of his work assignment, Defendant has continued to treat plaintiff in a hostile manner due to his race and in retaliation for opposing unlawful conduct, by, among other things, failing to provide work, refusing to provide reimbursement for plaintiff's annual physical, and failing to return plaintiff's personal protective equipment.

64. Since October 2019, defendant has refused to provide plaintiff with work.

65. Plaintiff has suffered significant wage loss, as well as, mental pain and anguish due to Defendant's conduct.

66. Defendant's discriminatory conduct prevented plaintiff from obtaining work, and in March 2020 plaintiff was forced to resign his employment.

67. Plaintiff maintains that he was constructively discharged from his employment with defendant.

68. Defendant has a history of forcing American Americans to perform menial tasks while failing to provide any meaningful opportunities for advancement within the company.

69. Defendant has a history of discriminating against African American employees by failing to promote African American employees to positions for which they are qualified.

70. Defendant has engaged in a pattern and practice of harassing and discriminating against African American employees.

71. Plaintiff was discriminated on the basis of his race and retaliated against for opposing unlawful employment practices.

## COUNT ONE – TITLE VII

72. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

73. Plaintiff is protected from unlawful racial discrimination pursuant to Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et seq.* Title VII prohibits discrimination on the basis of race with respect to an individual's compensation, terms, conditions, or privileges of employment.

74. Defendant discriminated against Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et seq.*

75. Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, the return of his personal protective equipment, and such other additional relief as the Court deems equitable and appropriate.

## COUNT TWO – SECTION 1981

76. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

77. Defendant discriminated against Plaintiff on the basis of his race with respect to his continued employment and other terms and conditions of employment in violation of 42 U.S.C. § 1981.

78. Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT THREE - RETALIATION

79. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

80. Defendant further discriminated against Plaintiff by retaliating against him for engaging in protected activity and opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act, as amended 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981

81. Defendant's actions directly and proximately caused Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

Respectfully submitted,

Jay E. Emerson, Jr.
Attorney for the Plaintiff
Higgs & Emerson
405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
higgs@higgsandemerson.com

12

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

OF COUNSEL

Copy Served Upon:

Adams Communication & Engineering Technology, Inc.
6190 Guardian Gateway, Suite 300
Aberdeen Proving Ground, MD 21005

| **CHARGE OF DISCRIMINATION**<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br><br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

|  |  | and EEOC |
|---|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)*<br>Mr. Eric King | Home Phone *(Incl. Area Code)*<br>(256  455 | Date of Birth |
|---|---|---|

*City, State and ZIP Code*
. County Road __ , Town Creek, AL 35672

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name<br>Adams Communication & Engineering Technology ("ACET") | No. Employees, Members<br>+450 | Phone No. (Incl. Area Code)<br>(703) 665-0465 |
|---|---|---|

| Street Address<br>10740 Parkridge Blvd, Suite 700, Reston, VA 20191 | City, State and ZIP Code |  |
|---|---|---|

| Name |  | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|---|

| Street Address |  City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest<br>October 2019  Latest<br>March 2020<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Please see the attached affidavit, which sets out my claim against Adams Communication & Engineering Technology.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>*Eric Key*<br><br>Date  4 / 13 / 20 20  Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*  4/13/20 |

EXHIBIT
1

STATE OF ALABAMA
MADISON COUNTY

## AFFIDAVIT OF ERIC L. KING

BEFORE ME personally appeared Eric L. King and after being duly sworn did depose and say as follows:

My name if Eric L. King and I have personal knowledge of the facts contained in this Affidavit which is being prepared in order to initiate a Complaint of Racial Discrimination against my employer, Adams Communication & Engineering Technology, Inc. (ACET).

I feel that I have been discriminated and retaliated against by my employer based on my race . Specifically, I believe ACET has been involved in intentional wrongful discrimination on account of race and has taken adverse actions against me.

On or about October 12, 2017, I became employed by ACET in the position of Tactical Operations Center (TOC) on the Special Operations Command's Tactical Airborne Multi-Sensor Platform (STAMP) program.

I was the only African American assigned to the job task and duties. During the term of my employment, when I was stationed at Site 2 as a Flight Operations Manager/Tactical Operations Center Operator. I was routinely discriminated against on account of my race, in violation of Title VII of the Civil Rights Act. I was treated significantly different than other similarly situated Caucasian employees.

I have been targeted, harassed, singled out, and treated differently because of my race.

On or about October 11, 2019, ACET in violation of ACET policies, a Site Lead created a false Internal Review Report which had significant impact on my employment and caused me to be sent home, causing me to lose pay and other benefits.

On or about October 11, 2019, I was suspended by my supervisor, Shannon Kaupu, for issues related to a rental car which had already been turned in. All issues regarding the rental car had been resolved prior to my suspension. I did not engage

in any misconduct or have any performance issues. I believe my supervisor targeted me because of my race.

In addition, as a result of the above action taken, I was prevented from obtaining other employment and my record was otherwise damaged. ACET undertook actions that negatively impacted my security clearance, thereby affecting my employability. My government credentials were revoked. Consequently, I was banned from further employment and access to government sites. The wrongful and illegal action taken by ACET was subsequently rectified, but the damage was done. ACET continued to discriminate against me as I was denied opportunities to return to the field and loss significant pay and wages during this period.

In continuation of its pattern and practice of discriminating against me based upon my race, ACET has failed to provide me for work for which I am qualified to perform. My supervisor routinely required to me to perform menial tasks like taking the trash out of the office every day. I requested that he treat me fairly by getting everyone to take turns to make trash runs. However, he continued to force me to do so, while my Caucasian colleagues were not required to perform such menial tasks. My supervisor routinely criticizes me and questions my ability to follow protocols. He does not do this with Caucasian employees.

Additionally, ACET has failed to provide reimbursement for my annual physical examination and cost of PPE equipment as required by company policy.

ACET Leadership, including my supervisor, have treated me in a hostile manner because of my race. ACET has a history of providing African Americans with grunt work and not allowing any meaningful opportunities for advancement within the company.

As a result of ACET's unlawful and discriminatory treatment towards me, I was forced to resign from my contractor position with ACET on March 2, 2020.

I believe that I have been discriminated against on the basis of my race.

I seek all damages allowed by law including lost income, damages for emotional distress and attorney's fees.

_Eric King_
_____
ERIC L. KING

STATE OF ALABAMA
COUNTY OF MADISON

Before me, the undersigned Notary Public in and for said County and State, personally appeared Eric L. King, whose name is signed to the foregoing and who is known to me, who acknowledged before me that she executed the same voluntarily on the day the same bears date.

SWORN TO AND SUBSCRIBED to before me this __/3__ day of _____, 2020.

_____
Notary Public

EEOC Form 161 (11/16)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Eric King | From: Birmingham District Office |
|---|---|
| Town Creek, AL 35672 | Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-01887 | **DEBRA N. POWELL,**<br>Investigator | (205) 651-7019 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Sheri Guenster** /for

Digitally signed by Sheri Guenster
DN: cn=Sheri Guenster, o=EEOC, ou=Birmingham
District Office, email=sheri.guenster@eeoc.gov, c=US
Date: 2020.09.04 09:58:15 -05'00'

**SEP 0 8 2020**

Enclosures(s)

**BRADLEY A. ANDERSON,**
**District Director**

*(Date Mailed)*

cc: **ACET, INC.**
c/o Cynthia L. Maskol, Attorney
Law Office of Wilson Elser
500 E. Pratt Street, Suite 600
Baltimore, MD 21202

**HIGGS AND EMERSON**
c/o Jay E. Emerson, Jr., Attorney
405 Franklin Street
Huntsville, AL 35801



EXHIBIT
2

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| ☐ FEPA | | |
| ☒ EEOC | | 420-2020-01887 |

_____ and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Eric King | (2  ·1455 | |

| Street Address | City, State and ZIP Code |
|---|---|
| ʼwn Creek, AL 35672 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Adams Communication & Engineering Technology ("ACET") | +450 | (703) 665-0465 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10740 Parkridge Blvd, Suite 700, Reston, VA 20191 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| October 2019 | March 2020 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see the attached affidavit, which sets out my claim against Adams Communication & Engineering Technology.

RECEIVED
U.S. EEOC

APR 15 2020

Birmingham District Office

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Eric King

Date 4/13/2020   Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)   4/13/20

Received on 04/17/2020

420-2020-01887

STATE OF ALABAMA
MADISON COUNTY

## AFFIDAVIT OF ERIC L. KING

BEFORE ME personally appeared Eric L. King and after being duly sworn did depose and say as follows:

My name if Eric L. King and I have personal knowledge of the facts contained in this Affidavit which is being prepared in order to initiate a Complaint of Racial Discrimination against my employer, Adams Communication & Engineering Technology, Inc. (ACET).

I feel that I have been discriminated and retaliated against by my employer based on my race . Specifically, I believe ACET has been involved in intentional wrongful discrimination on account of race and has taken adverse actions against me.

On or about October 12, 2017, I became employed by ACET in the position of Tactical Operations Center (TOC) on the Special Operations Command's Tactical Airborne Multi-Sensor Platform (STAMP) program.

I was the only African American assigned to the job task and duties. During the term of my employment, when I was stationed at Site 2 as a Flight Operations Manager/Tactical Operations Center Operator. I was routinely discriminated against on account of my race, in violation of Title VII of the Civil Rights Act. I was treated significantly different than other similarly situated Caucasian employees.

I have been targeted, harassed, singled out, and treated differently because of my race.

On or about October 11, 2019, ACET in violation of ACET policies, a Site Lead created a false Internal Review Report which had significant impact on my employment and caused me to be sent home, causing me to lose pay and other benefits.

On or about October 11, 2019, I was suspended by my supervisor, Shannon Kaupu, for issues related to a rental car which had already been turned in. All issues regarding the rental car had been resolved prior to my suspension. I did not engage

Received on 04/17/2020
420-2020-01887

in any misconduct or have any performance issues. I believe my supervisor targeted me because of my race.

In addition, as a result of the above action taken, I was prevented from obtaining other employment and my record was otherwise damaged. ACET undertook actions that negatively impacted my security clearance, thereby affecting my employability. My government credentials were revoked. Consequently, I was banned from further employment and access to government sites. The wrongful and illegal action taken by ACET was subsequently rectified, but the damage was done. ACET continued to discriminate against me as I was denied opportunities to return to the field and loss significant pay and wages during this period.

In continuation of its pattern and practice of discriminating against me based upon my race, ACET has failed to provide me for work for which I am qualified to perform. My supervisor routinely required to me to perform menial tasks like taking the trash out of the office every day. I requested that he treat me fairly by getting everyone to take turns to make trash runs. However, he continued to force me to do so, while my Caucasian colleagues were not required to perform such menial tasks. My supervisor routinely criticizes me and questions my ability to follow protocols. He does not do this with Caucasian employees.

Additionally, ACET has failed to provide reimbursement for my annual physical examination and cost of PPE equipment as required by company policy.

ACET Leadership, including my supervisor, have treated me in a hostile manner because of my race. ACET has a history of providing African Americans with grunt work and not allowing any meaningful opportunities for advancement within the company.

As a result of ACET's unlawful and discriminatory treatment towards me, I was forced to resign from my contractor position with ACET on March 2, 2020.

I believe that I have been discriminated against on the basis of my race.

I seek all damages allowed by law including lost income, damages for emotional distress and attorney's fees.

_Eric King_
ERIC L. KING

Received on 04/17/2020

420-2020-01887

STATE OF ALABAMA
COUNTY OF MADISON

    Before me, the undersigned Notary Public in and for said County and State, personally appeared Eric L. King, whose name is signed to the foregoing and who is known to me, who acknowledged before me that she executed the same voluntarily on the day the same bears date.

    SWORN TO AND SUBSCRIBED to before me this _/3_ day of ___April___, 2020.

_____
Notary Public