IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC L. KING                          :

     v.                             :   Civil Action No. DKC 21-1325

                                     :
ADAMS COMMUNICATIONS &
ENGINEERING TECHNOLOGY, INC.
                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is a motion to dismiss in part filed by Defendant Adams Communications & Engineering Technology, Inc. ("ACET"). (ECF No. 24). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be denied.

**I.   Factual Background**

Plaintiff Eric L. King claims that his former employer, ACET, discriminated against him on the basis of his race and then retaliated against him for complaining about his treatment. He alleges that on October 12, 2017 he was hired by ACET to work on overseas Department of Defense contracts. (ECF Nos. 1, ¶¶ 7-8; 13, ¶ 3). Mr. King, who resides in Alabama, alleges that he worked as a "Flight Operations Manager/Tactical Operations Center Operator" in the "Tactical Operations Center on the Special

Operations Command's Tactical Airborne Multi-Sensor Platform (STAMP) program[.]" (ECF No. 1, ¶¶ 4, 8, 10). He was initially assigned to Site 2 and, in August 2019, reassigned to Site 5. (*Id.*, ¶¶ 8, 19).

Mr. King alleges that throughout his employment with ACET he was "routinely required to complete" menial tasks that unnamed white employees were not required to do, particularly emptying the trash. (*E.g*, ECF No. 1, ¶¶ 12, 28). While working at Site 2, he complained and "[s]hortly thereafter" received a negative review. (*Id.*, ¶¶ 14-16). After he was transferred to Site 5, his new supervisor, Shannon Kaupu, "routinely berated and yelled at [him] in front of others" but never did the same to unnamed white employees. (*Id.*, ¶¶ 19, 21, 24; *see also id.*, ¶¶ 26-27, 31-32)). In addition, Mr. Kaupu allowed other employees, whose race is not specified, to sleep off base during power outages but would not allow Mr. King to do so. (*Id.*, ¶¶ 29-30). Finally, Mr. Kaupu required Mr. King to respond to emails while off duty, contrary to company policy. (*Id.*, ¶¶ 33-35).

Mr. King's troubles with Mr. Kaupu came to a head in the fall of 2019. After sharing a rental vehicle with other employees, Mr. King was advised to return it for service. (ECF No. 1, ¶¶ 37-40). He alleges that, three days after returning the car, "Mr. Kaupu created a false Internal Review Report which resulted in [Mr. King's] suspension, loss of pay[,] and other benefits" for removing

2

classified documents that Mr. King says he did not take. (*Id.*, ¶¶ 41-45). Mr. King suggests his purported misconduct was tied to his use of the rental car but that no colleagues who shared the car were similarly accused. (*See id.*, ¶¶ 46-47). He alleges that an accompanying incident report "prevented [him] from resuming work with [ACET] or obtaining other employment." (*Id.*, ¶ 53-56). Unable to return to work, he was "forced to resign" in March 2020. (*Id.*, ¶ 66). Mr. King believes he was discriminated against throughout his employment based on his race, and retaliated against for his initial complaint while at Site 2 and other complaints made "[d]uring his employment" to a human resources officer named Leslie LeRoy. (*See id.*, ¶¶ 18, 36, 54, 58, 61).

## II.  Procedural Background

Mr. King filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 13, 2020, checking the boxes for race discrimination and retaliation. (ECF No. 1, at 14 (Exhibit 1)). He was issued a Notice of Right to Sue on September 8, 2020, (*id.*, at 18 (Exhibit 2)), and filed this lawsuit in the Northern District of Alabama on November 25, 2020, (*id.*, at 1). His complaint includes three counts: (1) Title VII race discrimination, (2) Section 1981 race discrimination, and (3) retaliation under both statutes. (*Id.*, at 10-12).

ACET moved to dismiss or, in the alternative, for transfer on personal jurisdiction and venue grounds. (ECF No. 7). After a

3

hearing, District Judge Liles C. Burke found that ACET has its principal place of business in Maryland and that none of the relevant conduct occurred in Alabama. (ECF No. 18; *see also* ECF No. 9). He then transferred the case to the District of Maryland. On June 7, ACET answered and filed the motion to dismiss in part. (ECF Nos. 22; 24). Mr. King decided to proceed without an attorney after his Alabama counsel declined to represent him in Maryland. (ECF Nos. 25; 29). Mr. King has not responded to ACET's motion.

### III. Analysis

ACET moves to dismiss Count II of the complaint which asserts a claim for Section 1981 discrimination. (ECF No. 24).

#### A. Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[.]"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

    **B. Section 1981 Claim**

Section 1981 provides that all people shall enjoy "the same right . . . to make and enforce contracts[.]" 42 U.S.C. § 1981(a). ACET argues that Mr. King has not and cannot allege that the two had a cognizable contract under Section 1981. (ECF No. 24-1, at 2-3). ACET is wrong as a matter of law. As made clear by one of the cases it cites, "an at-will employment relationship is contractual . . . [and] such relationships may [] serve as predicate contracts for § 1981 purposes." *Spriggs v. Diamond Auto Glass*, 165 F.3d 105, 108-19 (4th Cir. 1999). Mr. King alleges, and ACET admits, that he was employed by ACET. (ECF Nos. 1, ¶¶ 4-5; 22, ¶ 4). That is sufficient to state a claim for race discrimination under Section 1981.

**IV. Conclusion**

For the foregoing reasons, ACET's motion to dismiss in part will be denied. A separate order will follow.

                                                     /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge